# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ALICIA BECKETT-CRABTREE, as special administrator for the estate of Brett Crabtree, deceased, | ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Case No. 06-CV-0683-CVE-FHM ) |
| ROBERT HAIR, individually and in his official capacity, and BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF WASHINGTON, | ) ) ) ) ) |
| Defendants. | ) ) |

## OPINION AND ORDER

This matter comes on for consideration of Plaintiff's Motion for New Trial or in the Alternative Plaintiff's Motion to Reconsider and Brief in Support (Dkt. ## 87, 88).[1] Plaintiff filed this lawsuit under 42 U.S.C. § 1983 alleging that Robert Hair ("Hair"), a deputy sheriff in Washington County, Oklahoma, used excessive force when he shot and killed Brett Crabtree ("Crabtree"). Plaintiff also sued the Washington County Board of County Commissioners ("the Board") alleging that the Board enacted an unconstitutional use-of-force policy. Both defendants filed motions for summary judgment and, on November 6, 2007, the Court granted defendants' motions. Dkt. # 85. The Court found that Hair was entitled to qualified immunity from suit. In

---

[1]   Defendants have filed a motion to strike (Dkt. # 97) the affidavit of Richard Ernest ("Ernest"), signed on November 5, 2007 and attached to plaintiff's reply, because defendants were not given a chance to respond to this evidence. The Court has reviewed Ernest's November 5, 2007 affidavit and finds that it is consistent with Ernest's expert report and his deposition testimony. The Court reviewed the same expert opinions expressed in Ernest's affidavit when it ruled on defendants' motions for summary judgment and there is no risk that defendants will be prejudiced if the Court permits plaintiff to include the affidavit with her motion to reconsider. Therefore, the motion to strike should be denied.

addition, the Court found that the Board was not a proper party under § 1983, because plaintiff had not established a causal connection between an official policy or custom adopted by the Board and Crabtree's death.  Plaintiff asks the Court to reconsider its opinion and order granting defendants' motions for summary judgment.

"'The Federal Rules of Civil Procedure do not recognize a 'motion to reconsider.'  Instead the rules allow a litigant subject to an adverse judgment to file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)."  Van Skiver v. United States, 952 F.2d 1241, 1243 (10th Cir. 1991). Plaintiff's motion was filed within 10 days of the Court's opinion and order granting defendants' motions for summary judgment, so the Court will treat it as a motion to alter or amend judgment under Fed. R. Civ. P. 59(e).  Allender v. Raytheon Aircraft Co., 439 F.3d 1236, 1242 (10th Cir. 2006).  The Tenth Circuit has stated that "[g]rounds warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice."  Servants of the Paraclete v. Does, 204 F.3d 1005, 1012 (10th Cir. 2000).  In a Rule 59(e) motion, a party may not attempt to "revisit issues already addressed or advance arguments that could have been raised in prior briefing."  Id.

When reviewing plaintiffs' motion for reconsideration, the Court will not consider any arguments or legal authority that plaintiff failed to include in her response to defendants' motions for summary judgment. A district court does not abuse its discretion if it refuses to reconsider arguments that have already been considered and rejected.  See Servants, 204 F.3d at 1009; Van Skiver, 952 F.2d at 1243.  Reconsideration is "not available to allow a party to reargue an issue previously addressed by the court when the reargument merely advances new arguments or

2

supporting facts which were available for presentation at the time of the original argument." FDIC v. United Pacific Ins. Co., 152 F.3d 1266, 1272 (10th Cir. 1998) (quoting Cashner v. Freedom Stores, Inc., 98 F.3d 572, 577 (10th Cir. 1996)). The Court's 20 page opinion and order was not a first draft, and the Court will not revisit arguments that should have been presented before or have already been rejected.

The Court finds that its opinion and order resolved all of the issues raised in plaintiff's motion to reconsider except for plaintiff's arguments concerning errors in the Court's application of Fed. R. Civ. P. 56. The Court considered plaintiff's argument that Hair recklessly escalated the situation and created the need for deadly force but, under the totality of the circumstances, the Court found that Hair's conduct was reasonable. The Court analyzed the cases cited by plaintiff, Carr v. Castle, 337 F.3d 1221 (10th Cir. 2003), and Allen v. Muskogee, Oklahoma, 119 F.3d 837 (10th Cir. 1997), and found that plaintiff had not established that Hair's conduct violated Crabtree's constitutional rights. Contrary to plaintiff's assertion, the Court considered all of the facts leading up Crabtree's death in its decision and did not limit its review solely to the precise moment of the shooting. Finally, the Court rejected plaintiff's argument that the Board could be held liable under § 1983 for allegedly retroactively authorizing Hair's actions. Plaintiff has not raised any new arguments or presented new evidence on these issues, and the Court will not reconsider these rulings.

Plaintiff argues that the Court made credibility determinations and weighed evidence in favor of defendants when ruling on the motions for summary judgment, because the Court failed to draw factual inferences requested by plaintiff. However, the Court was not required to accept plaintiff's unsubstantiated allegations or find genuine issues of material fact based on "mere speculation,

conjecture, or surmise." Bones v. Honeywell Int'l, Inc., 366 F.3d 869 (10th Cir. 2004). Plaintiff argues that Hair was retaliating against Crabtree with the use of deadly force. The Court considered this argument, but determined that it was not a reasonable inference based on the evidence presented by plaintiff. Dkt. # 85, at 8 n.7. The Tenth Circuit has been clear that "[m]ere speculation about [an officer's] motives could not prevail in summary judgment proceedings." Meyer v. Bd. of County Commr's of Harper County, Oklahoma, 482 F.3d 1232, 1238 (10th Cir. 2007). Plaintiff also argues that the Court weighed evidence in favor of defendant by finding that Hair reasonably determined that Crabtree was under the influence of a controlled substance and that Hair was temporarily disoriented after Crabtree hit him with a flashlight. These facts were well supported by the summary judgment record, and the Court did not err in finding these facts undisputed.

The Court did not misconstrue or misunderstand plaintiff's arguments when it entered summary judgment for defendants. Plaintiff's motion for reconsideration simply states her disagreement with the Court's decision, but this is not a valid basis for reconsideration under Rule 59(e). Therefore, plaintiff's motion for reconsideration or new trial should be denied.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for New Trial or in the Alternative Plaintiff's Motion to Reconsider and Brief in Support (Dkt. ## 87, 88) is **denied**.

**IT IS FURTHER ORDERED** that Defendants' Motion to Strike Richard Ernest's Affidavit Submitted with Plaintiff's Reply to Defendants' Response to Plaintiff's Motion to Reconsider (Dkt. # 97) is **denied**.

**DATED** this 12th day of December, 2007.

*Claire V. Eagan*
CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT